UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RONALD WARD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-43 |
| | ) |
| DAVID GLADIEUX, | ) |
| | ) |
| Defendant. | ) |

## OPINION & ORDER

Plaintiff Ronald Ward has moved for reconsideration of his motion to certify a class and amendment of my order denying it. (DE 61.) Ward was incarcerated at the Allen County Jail between an unspecified date and October 12, 2016. (DE 32; DE 45.) He alleges that the jail violated his due process right to access the courts under the United States and Indiana Constitutions by failing to maintain a law library or legal research materials and by failing to provide legal assistance to him for a civil case. He moved to certify the following class:

> All unrepresented indigent inmates incarcerated at the Allen County Jail who seek to bring nonfrivolous civil rights or habeas corpus claims, are not represented by counsel for those claims, and are prevented from bringing those actions claims in court or have had their claims dismissed due to a lack of access to a law library, legal research materials, or professional legal assistance.

(DE 32 at 2.) I denied the motion on grounds that Ward lost standing when he was released from the jail. (DE 59.) For the reasons below, the motion for reconsideration is granted, but the motion for class certification remains denied.

## Background

Allen County Jail is located in Fort Wayne, Indiana and houses pretrial detainees and inmates who have been sentenced to a term of imprisonment. The jail has no physical law library, but inmates who need legal materials can request them by submitting an "Inmate Request Form" indicating the need for such materials and providing legal citations to the materials requested. (*See* 32 at 5–6; *see also, e.g.*, DE 32 at 32.) If the inmate has money in his commissary account, a jail employee will print the legal material for the requesting inmate. (*Id.* at 6.)

On December 31, 2015, Ronald Ward submitted such a form, stating "I would like access to the Law Library so I can do some research on my case." (*Id.* at 32.) He received a written response that read: "What kind of info are you requesting? Otherwise, utilize your attorney/public defender." (*Id.*) On January 22, 2016, Ward sent a second Inmate Request Form, which stated:

> I am a[n] indigent inmate here at the Allen County Jail. . . I need the appropriate forms to proceed as a poor person on a civil matter, to deny me of the appropriate forms or person adequately trained to help me proceed would be denying me of my constitutional rights. Please promptly provide a response to my request.

(*Id.* at 33.) The response he received to his second request read just: "What are needing?" (*Id.*)

At least six other inmates at the Allen County made similarly unsuccessful attempts to gain access to legal materials for civil matters. One of them, Gary Burt, filed

2

numerous requests for access to a law library or for law materials between January 21, 2016 and February 10, 2016, and it took six or seven tries to find out that he had to provide specific legal citations and that there was no physical library. (*Id.* at 21–27.)

**Discussion**

Ward has moved for reconsideration of my order denying class certification pursuant to Federal Rule of Civil Procedure 54(b), which vests discretion in a district court to revisit a judgment that resolves less than all of the claims. (DE 61.) "Motions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Mayes v. City of Hammond*, No. 2:03-cv-379, 2006 WL 2193048, at *1 (N.D. Ind. Aug. 1, 2006) (collecting cases). I denied Ward's Motion for Class Certification on March 2, 2017, because "although Ward was a member of the proposed class when the second amended class action complaint was filed, he hasn't been one since he was released from the jail" and because the minimal possibility of him being re-confined at Allen County Jail was insufficient to confer Article III standing. (DE 59 at 4.) Ward claims that the class should have been certified because "the mooting of a proposed class representative's claim does not moot the class action so long as a motion for class certification has been made." (DE 61 at 3 (citing *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 546 (7th Cir. 2003).)

That's a stretch. To begin with, *Sevilla's* mootness discussion was in the context of

3

what had taken place in a related state court matter. So while the Seventh Circuit's discussion of mootness and class certification in *Sevilla* is relevant and helpful, it is dicta. *See Sevilla*, 324 F.3d at 546. There is, however, longstanding Seventh Circuit law that "when a motion for class certification has been pursued with reasonable diligence and is then pending before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages." *Susman v. Lincoln Am. Corp.,* 587 F.2d 866, 870 (7th Cir. 1978). Without such an exception to the mootness doctrine, a defendant could "short-circuit a class action by paying off the class representatives[.]" *Id.* (quoting *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir. 1978). The problem for Ward is that the exception articulated in *Susman* is far narrower than he suggested in his motion—it applies only when the defendant caused the mootness of the named plaintiff's claim. Gladieux had no role in Ward's claim becoming moot, and so *Susman* (and *Sevilla*) do not support Ward's argument that this putative class action should survive the mootness of Ward's individual claim.

Nor do the other cases cited by Ward support his characterization of the law or have much bearing here. In *Sosna v. Iowa*, 419 U.S. 393 (1975), the class was certified *before* the named plaintiff's individual claim became moot, and the Supreme Court held that the case was not moot because the claims of the certified class lived on. Here, of course, the class was not certified before Ward's claim became moot. In *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), and *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872 (7th Cir. 2012), the question was whether the named plaintiff had standing

4

to *appeal* the denial of class certification, not whether an uncertified class action could survive mootness of the named plaintiff's claim. *See Geraghty*, 445 U.S. at 404; *Espenscheid,* 688 F.3d 876–78. And both *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012 (7th Cir. 1999), and *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015), considered the possible mootness of a case after the defendant offered partial relief to the named plaintiff. As discussed above, Ward's individual claim became moot on its own, not because of an action taken by the defendant, and so *Greisz* and *Chapman* are beside the point.

That leaves just *Gerstein v. Pugh*, 420 U.S. 103 (1975), which is at least relevant here and yet does not justify class certification. In *Gerstein*, pretrial detainees in Florida challenged procedures whereby they were arrested without a warrant, charged on an information, and then detained pending trial, without ever receiving a probable cause hearing before a judge. *Id.* at 105. There, the record did not indicate whether any named plaintiff was in custody when the class was certified, and all of the named plaintiffs were convicted before the case reached the Supreme Court. *Id.* at 111, n. 11. The Court nevertheless found that the case was not moot because it was within the "narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class." *Id.* The Court reasoned that "[i]t is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class" and that "the constant existence of a class of persons suffering the deprivation is certain." *Id.*

5

The exception to mootness discussed in *Gerstein* has been referred to as the "inherently transitory" exception, and it is different from the "capable of repetition, yet evading review" exception that I found not to apply in my previous order. *See Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010). The "capable of repetition, yet evading review" exception relates to claims that might occur again *with respect to the plaintiff. See id.; see also* DE 59. The "inherently transitory" exception to mootness applies when "there will be a constant class of persons suffering the deprivation complained of in the complaint"—that is, the alleged deprivation is likely to occur again *with respect to the class*—and "it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the *class[.]*"*Olson*, 594 F.3d at 580 (emphasis added).

I'm not convinced that the claims here are inherently transitory. "The essence of the 'inherently transitory' exception is uncertainty about the length of time a claim will remain alive." *Moreno v. Napolitano*, 2012 WL 5995820, at *6 (N.D. Ill. 2012) (quoting *Gerstein*, 420 U.S. at 110, n. 11) (internal quotation marks omitted). "If the length of a claim cannot be determined at the outset and is subject to a number of unpredictable factors, it is inherently transitory." *Id.* The claims in *Gerstein* were inherently transitory because they were brought on behalf of a class comprised entirely of pre-trial detainees, and there was no guarantee that any detainee would be imprisoned long enough to allow a judge to certify the class.

By contrast, the class that Ward seeks to certify encompasses not just pre-trial

6

detainees, but also inmates who have been convicted of felony offenses and are serving out their sentences. *See generally* Ind. Code § 35-38-3-3(d) (2016) (providing for the housing of certain low-level felons in county jails). Those inmates *can* estimate how long they are going to be imprisoned. *See Olson*, 594 F.3d at 583 (distinguishing cases in which the class representative did not know when his claim would become moot). And I've been given no reason to believe that period of time inmates spend in Allen County Jail is ordinarily too short to permit a court to rule on a motion for certification. *See generally* Ind. Code § 35-50-2-7 (2016) (requiring that Level 6 felons be sentenced to a fixed term of six months to three years and advising a term of one and a half years). For this reason, the claims of Ward and the putative class do not appear to be inherently transitory, and Ward lost standing to pursue this case when he was released from jail.

But, even if the claims alleged here were inherently transitory such that they could survive the mootness of Ward's individual claims, I would still deny the motion to certify because Ward has not shown that the requirements of Federal Rule of Civil Procedure 23 are satisfied. The most obvious deficiency is the prerequisite that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Ward does not have to show the exact number of class members, but he "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class[.]" *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (citing *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir. 1978)). And yet that is exactly what he did by claiming without support that "dozens of the several hundred indigent inmates

incarcerated at the Allen County Jail" are class members who would otherwise have to bring individual cases against the sheriff for access to legal resources.

True, he appended a handful of requests for legal materials submitted by inmates in 2015 and 2016, but those identify just seven possible class members, including Ward. (DE 33 at 6; DE 32 at 11–33.) Even if every one of them meets all the requirements of the class definition, that wouldn't be enough to justify the burden and expense of a class action. *See generally, e.g., Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008) (assuming that 14 individuals would not be enough to justify a class action but finding numerosity where the record "supports a much larger estimate"). Further (and worse), I can't be sure at this point that *any* of the inmates identified (again, including Ward) is in the class because I have no basis on which to determine which of them was pursuing a *nonfrivolous* claim, as the class definition purports to require. (*See* DE 32 at 3.) This may also suggest a problem with the ascertainability of the proposed class, but, in any event, it makes it clear that Ward has not shown that the proposed class satisfies the numerosity prerequisite of Rule 23(a).

## Conclusion

Accordingly, plaintiff's Motion for Reconsideration (DE 61) is **GRANTED**, and my Opinion & Order of March 2, 2017 (DE 59) is **VACATED**. However, for the reasons stated above, the Motion for Class Certification (DE 33) is again **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Entered: May 11, 2017.

              s/ Philip P. Simon
              JUDGE, UNITED STATES DISTRICT COURT